IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-54,071-01 and WR-54,071-02






EX PARTE JOHN LEZELL BALENTINE









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
AND MOTION FOR STAY OF EXECUTION

FROM CAUSE NO. 39,532 IN THE 320TH JUDICIAL DISTRICT COURT

POTTER COUNTY




 Per Curiam. Holcomb, J., would remand the subsequent application.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In April 1999, a jury found applicant guilty of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set applicant's punishment at death. This Court
affirmed applicant's conviction and sentence on direct appeal. Balentine v. State, 71 S.W.3d
763 (Tex. Crim. App. 2002). Applicant filed his initial post-conviction application for writ
of habeas corpus in the trial court on January 22, 2001. This Court denied relief. Ex parte
Balentine, No. WR-54,071-01 (Tex. Crim. App. Dec. 4, 2002)(not designated for
publication). Applicant's subsequent application was filed in the trial court on August 21,
2009.

 Applicant presents two allegations in his application. In the first allegation, applicant
asserts that he was deprived of his Sixth Amendment right to effective assistance of trial
counsel because counsel failed to adequately investigate, develop, and present mitigation
evidence in the punishment phase of the trial. In his second allegation, applicant asserts that
the prosecution unconstitutionally exercised peremptory challenges on two venire persons
in violation of Batson v. Kentucky, 476 U.S. 79 (1986). We have reviewed the application
and find that his allegations fail to satisfy the requirements of Article 11.071 § 5. 
Accordingly, applicant's application is dismissed, and his motion to stay his execution is
denied. Likewise, applicant's motion to vacate the judgment rendered in his initial state writ
application is denied, and the Court otherwise declines to reconsider that case. 

 IT IS SO ORDERED THIS THE 22ND DAY OF SEPTEMBER, 2009.


Do Not Publish